UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:                                                                              CASE NO. 12-50278

HAROLD J. MILBURN

DEBTOR

## MEMORANDUM OPINION AND ORDER

This chapter 13 case is before the Court following an evidentiary hearing held on October 31, 2012 on the narrow issue, as phrased by the parties, of adjudicating a "reasonable period" of time within which the Debtor may sell his real estate located at 221 Monsoon Road in Bourbon and Harrison Counties, Kentucky (the "Farm"), equipment and livestock, which property is collateral for the claims of Farmers National Bank ("Bank").  The Debtor's proposed plan contains the following provision:

> The Debtor shall sell the real estate located at 221 Monsoon Road,
> Bourbon County Kentucky along with the farm equipment within 48 months
> by the best commercial means.  If the property has not sold within 48
> months, the debtor shall offer the subject property for sale by private
> auction.

The Bank objects to the four year sale period.  At the hearing, the Debtor and the Bank agreed that the Farm would be continuously listed by a realtor and further agreed upon an offer price which must be accepted by the Debtor.  The parties entered into extensive stipulations [Docs. 49 & 60] which include agreements that: (1) until the sale of the Farm, the Debtor shall make payments of $2,680.00 per month to the Bank; and (2) currently, there is substantial equity in the Bank's collateral.  The Debtor and Bank further stipulated that they cannot reach an agreement as to a reasonable period of time within which Debtor should have the right to liquidate the collateral before an absolute auction is held.

On September 18, 2012, the Court entered an Order [Doc. 61] setting the evidentiary hearing and requiring the Bank to identify its remaining objections to confirmation, the

1

legal/statutory bases for same, and any specific legal authority in support thereof. The Bank's Amended Objection to Plan [Doc. 66] argues that allowing the Debtor 48 months to sell the property is "inequitable", and cites several cases for the propositions that: (1) courts have allowed less than four years to sell property pursuant to a plan; (2) courts have denied plans proposing a 36-month period to sell property; (3) courts look at marketing details and appropriate proposed remedies if a property is not sold by the deadline; and (4) Debtors must produce evidence of marketing efforts and current sale prospects. The Bank *does not* identify the statutory basis for its confirmation objection, and if the Bank is objecting on either bad faith or feasibility grounds, this is *not* stated.

At the evidentiary hearing, the Debtor testified via Affidavit that: (1) the Farm is worth between $2,800.00 and $3,200.00 per acre (a $400,000.00 value was previously stipulated to by the parties); (2) the Farm is currently listed with Doug C. Witt; and (3) he doesn't want the Farm sold at a forced sale which would only bring a "fire sale price." He testified on cross-examination that the property is currently listed for $464,000.00. The Bank attempted to adduce testimony that the Debtor was "less than enthusiastic" about selling the property, pointing to the Debtor's prepetition conduct with respect to listing the Farm and his failure to accept an offer of $375,000.00 for the Farm in 2011.

The Debtor further offered real estate broker Doug C. Witt as a witness who testified that the real estate market is improving and "given a reasonable amount of time to sell the subject property, I believe [the Farm] . . . should sell in the range of $2800 to $3200 per acre." No testimony was adduced from the Debtor's witness regarding the appropriate listing period.

The Bank's only witness, real estate appraiser C.W. Wilson of Wilson Appraisal Group, testified that the subject property could "most probably sell in the 90-180 day range of DOM (days on market)." There was no cross-examination of this witness. Thus, the only evidence of the narrow issue presented in this unusual procedural posture is that the Debtor's Farm should sell within 90 – 180 days.

<u>Analysis</u>

The issue that the parties request the Court to adjudicate is not really the issue before the Court. The case law cited by the Bank all addresses the issue of the feasibility of a private sale or, stated differently, whether a plan providing for a private sale has the necessary specificity to show that the debtor will be able to make all payments under the plan to comply with the plan in order to meet the feasibility requirement of 11 U.S.C. §1325(a)(6). <u>See</u> <u>e.g.</u> <u>In re Milano</u>, 2012 WL 1965661 (Bankr. N.D. Ohio, May 31, 2012) (Plan modification found not feasible where there was a lack of specifics regarding the Debtor's proposed sale plan); <u>In re Lynch</u>, 2009 WL 1955748 (Bankr. E.D.N.Y., July 6, 2009) (Confirmation denied where the plan did not specify the property subject to sale, did not project with sufficient certainty a timeframe or a date for a sale, and did not propose definitive sale terms); <u>In re Erickson</u>, 176 B.R. 753 (Bankr. E.D. Pa. 1995) (Confirmation denied where the Debtors' proposed plan did not specify terms of sale of homestead, when the sale was to be completed, or the effect of Debtors' inability to find a buyer if the projected sale was unsuccessful); and <u>In re Johnson</u>, 161 B.R. 207 (Bankr. D. Minn. 1993) (Court denied confirmation because Debtors did not propose a reasonable time within which to cure prepetition arrearages as required by 11 U.S.C. §1322(b)(5)).

The Bank's attempt to show that the Debtor is not an "enthusiastic seller" is neither persuasive nor relevant to the issues before the Court. However, despite the Debtor's testimony that the Farm is currently listed for sale, at the time of the hearing, there had been no Application to Employ a Realtor filed as required by 11 U.S.C. §327. Presumably, such a filing would have cured many, if not all, of the procedural irregularities in this matter.

As noted above, the only evidence of the time necessary to liquidate the Farm

is six months.  Neither party could predict the stability of the real estate market long term.  An ability to request an extension of the listing period beyond the initial six month period is not currently proposed in the Debtor's plan.

IT IS HEREBY ORDERED that confirmation of Debtor's Plan [Doc. 15] is DENIED. Debtor shall have 14 days from the date hereof to file an amended plan in conformity herewith.

COPIES TO:

Debtor

Ryan R. Atkinson, Esq.

George D. Smith, Esq.

Adam M. Back, Esq.

Beverly M. Burden, Esq.

4

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Thursday, November 08, 2012
(tnw)**